JUDGE ELLIOTT
delivered the opinion oe the court.
Appellant Crout became indebted to appellee Sauter in about $2,000, and to secure its payment he executed to him a mortgage on. a house and lot in Covington, Kentucky.
Appellee brought suit, obtained judgment for his debt and the enforcement of his lien, and a sale of the property resulted in a purchase of it by appellant, who executed sale-bonds for the purchase-price, with security.
*444 Appellant having failed to pay the purchase-money bonds at maturity, and having been incarcerated in jail for contempt by such failure, consented that a resale of the premises might be ordered in satisfaction of the bonds he had executed, and that the property might be sold for cash in hand. On a resale another man became the purchaser, and having failed to pay the amount of his bid, that sale was set aside, and the real estate again ordered to be sold in satisfaction of appellee’s debt; and at this sale the appellee became the purchaser at the price of $1,000. This sale was reported and confirmed; but shortly thereafter appellant filed exceptions to it, and moved the court to set aside the order of confirmation, and then set aside the sale on two grounds: 1. Because the property was not sufficiently described by the order directing its sale; 2. Because he being a housekeeper with a family, the court’s commissioner had failed to set apart to him a homestead in the property sold of $1,000 in value, although he resided on the premises. Appellant also filed his petition against appellee, asking that a homestead be adjudged to him, which was dismissed by the court, and his exceptions to the report of. the sale of the property were overruled; and from these rulings the case is here on appeal.
By section 9, article 13 of chapter 38 of the General Statutes, it is provided that there shall-“be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor as shall not exceed in value $1,000.”
The 10th section of the same article requires, that “Before a sale under execution, order of attachment, or judgment of a court, of land occupied as a homestead, the officer in whose hands the execution may be at the court, shall cause such part thereof, which may be selected by the defendant, as shall not *445 exceed in value $1,000, to be valued under oath and set apart to him by two disinterested housekeepers of the county not related to either party, to be selected by the court or officer; and in case they disagree, the officer making the sale shall act as umpire.”
The 12th section of the same article provides, that when the valuers are of the opinion that the property is of greater value than $1,000, and not divisible without great diminution of its value, then- the whole of it shall be sold, and $1,000 of the purchase-price paid to the defendant in the execution, to enable him, as the statute says, to purchase another homestead.
The 13th section of the same article and chapter provides as follows: “No mortgage, release, or waiver of such exemption shall be valid, unless the same be in writing, subscribed by the •defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate; and such exemption in favor of an execution debtor, or one against whom judgment has been rendered, shall continue after his death for the benefit of his widow and children, but shall be estimated in allotting dower.”
The court below was of opinion that appellant had waived his right to a homestead by his failure to claim it at the sale, and by his purchase under the sale, and his consent to a resale in satisfaction of his sale-bond.
It is a sufficient answer to this reasoning to quote the statute which provides, that “No mortgage, release, or waiver of .such exemption shall be valid, unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate.”
It seems that the legislature was determined to secure to the debtor and his family a homestead, as against his judgment, ■execution, or attachment creditors, and to place that homestead *446 beyond the debtor’s control in the payment of this class of creditors, by requiring that before his homestead right could be waived or released, his wife should join with him in the instrument of waiver or release, which should afterward be acknowledged and recorded in the same manner as conveyances of real estate.
It is true that the husband can sell his real estate, and pass the title unencumbered by the homestead exemption, because under the statute he is entitled to no homestead as against his vendee. He is only entitled to a homestead as against an execution, attachment, or judgment creditor; but as to this class of creditors, he is entitled to a homestead, and can not waive or release it, except in the mode pointed out by the statute, or an abandonment of the premises; for we are of opinion that the statute leaves no room for a different construction; and to decide otherwise would be a virtual revocation of the law.'
Wherefore the judgment is reversed, with directions to ascertain whether the property is divisible without great diminution of its value, and if so, to adjudge a homestead to appellant; and if not, to adjudge a sale of the entire property, and order $1,000 to be paid to appellant to enable him, in the language of the statute, to purchase another homestead; and for further proceedings consistent with this opinion.
Chief Justice Lindsay dissented from this opinion.